# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RYAN M. HAYES,

          Petitioner,    :    Case No. 3:18-cv-055

  - vs -                            District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                :

          Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action under 28 U.S.C. § 2254 brought by Petitioner Ryan Hayes with the assistance of counsel. Hayes seeks relief from his conviction for aggravated vehicular homicide and operating a motor vehicle under the influence of alcohol and his consequent sentence of 7.5 years. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Hayes pleads one ground for relief as follows:

> **Ground One:** Mr. Hayes was denied Due Process of Law by being placed twice in jeopardy by receiving multiple punishments for the same offense.
>
> **Supporting Facts:** The jury convicted Mr. Hayes of both Aggravated Vehicular Homicide under R.C. 2903.06A(1)(a) and O.V.I. under R.C. 4511.19 and the court sentenced him to consecutive sentences for seven years and six months. All of the elements of O.V.I. are contained in 2903.06A(1)(a).

1

(Petition, ECF No. 1, PageID 5.)

**Procedural History**

Hayes was convicted in the Montgomery County Common Pleas Court on one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1), a felony of the second degree; one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(2), a felony of the third degree; one count of OVI (.17 or greater-whole blood), in violation of R.C. 4511.19(A)(1)(f)/(G)(1)(a), a misdemeanor of the first degree; and OVI (under the influence), in violation of R.C. 4511.19(A)(1)(a)/(G)(1)(a), also a misdemeanor of the first degree. *State v. Hayes*, 2016-Ohio-7241, ¶ 1, 2016 Ohio App. LEXIS 4111 (2nd Dist. Oct. 7, 2016), appellate jurisdiction declined, 149 Ohio St. 3d 1431 (2017), *cert. den. sub. nom. Hayes v. Ohio*, 138 S. Ct. 476 (2017).

Judge Donovan recites the following underlying facts:

> [*P2] The incident which forms the basis for the instant appeal occurred on the night of September 17, 2011, when Hayes drove his parents' black 1991 Lexus sedan into a stationary track hoe at a construction site located near Hoover Avenue in Dayton, Ohio. While Hayes was severely injured, his passenger and girlfriend, Qadriyyah Harvey, was killed after suffering blunt force trauma when her head hit the windshield during the crash. The evidence adduced during the trial established that neither Hayes nor Harvey were wearing their seatbelts at the time of the crash, which was found to have occurred at approximately 8:50 p.m.
>
> [*P3] Hayes was removed from the vehicle by paramedics and taken to Miami Valley Hospital (MVH) for treatment. Harvey was pronounced dead at the scene of the crash. Dayton Fire Department firefighter/paramedic Tyler McCoy testified that he detected the odor of alcohol on and about Hayes' person. McCoy testified that the odor of alcohol persisted even after he removed Hayes from the

> crash site. McCoy further testified that Hayes admitted that he had consumed alcohol prior to the crash.
>
> **[*P4]** Dayton Police Detective Jonathan Seiter, a crash reconstructionist in the traffic services unit, was dispatched to the site after it was determined that the crash involved a fatality. Upon arriving at the scene of the accident, Detective Seiter inspected the vehicle. Detective Seiter testified that he detected the slight of odor of alcohol emanating from the interior of the [**3] vehicle. Detective Seiter also observed a wallet and an opened can of Sparks alcoholic iced tea in the driver's side floorboard of the vehicle.
>
> **[*P5]** Detective Seiter then traveled to MVH in order to interview Hayes. Upon arriving at the hospital, Detective Seiter located Hayes in the trauma room. Detective Seiter testified that Hayes was unconscious and smelled of alcohol. Thereafter, Detective Seiter directed phlebotomist Ross Melton to draw Hayes' blood as part of an OVI kit. Prior to drawing Hayes' blood, both Detective Seiter and Melton attempted to wake him up, but Hayes could not be roused. At approximately 11:20 p.m., Melton drew two vials of Hayes' blood for testing. Detective Seiter took possession of Hayes' blood, transported it to the Safety Building, and placed it in a refrigerator. Detective Seiter then completed a form requesting that Hayes' blood be tested at the Miami Valley Regional Crime Lab (MVRCL).
>
> **[*P6]** Elizabeth Kiely, a forensic toxicologist at the MVRCL, tested Hayes' blood samples on September 28, 2011. Kiely testified that the tests revealed that the two samples of Hayes' blood had an alcohol concentration of .173 and .169 gram percent, the average of which is .171 which [**4] is more than twice the legal limit of .08 percent. Kiely testified that she also screened Hayes' blood for the presence of drugs. The sample tested positive for marijuana metabolite. Forensic toxicologist Brian Simons tested Hayes' blood in order to determine the amount of marijuana metabolite present. Simons' testing established that the amount of marijuana metabolite present in Hayes' blood was fourteen nanograms per milliliter.

*Id.*

In his direct appeal, Hayes raised as his first assignment of error that "[t]he trial court erred in sentencing Defendant for both aggravated vehicular homicide under [Ohio Revised Code] § 2903.06(A)(1)(a) and O.V.I. under [Ohio Revised Code] § 4511.19(A)(1) as they were allied

3

offenses of similar import."

In overruling this assignment of error, the Second District applied recent Ohio Supreme Court case law interpreting Ohio's allied offenses statute, Ohio Revised Code § 2941.25 and concluded Hayes' two convictions were not for allied offenses of similar import because "aggravated vehicular homicide necessarily involves causing the death of another person, the felony offense has a different import and significance than merely driving under the influence of alcohol." *Id.* at ¶ 25, citing *State v. Earley*, 145 Ohio St. 3d 281 ¶ 15 (2015). "Conversely, a first-degree misdemeanor violation of [Ohio Revised Code] § 4511.19(A)(1)(f) 'occurs any time an individual drives under the influence of alcohol or drugs and one who does so commits this offense regardless of any subsequent consequences that occur due to the impaired driver's actions.'" *Hayes* at ¶ 25, again quoting *Earley* at ¶ 15.

## Analysis

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

Petitioner argued his First Assignment of Error to the Second District as a Double Jeopardy violation, relying on *Benton, supra*, and *United States v. Dixon*, 509 U.S. 688 (1993)(Appellant's Brief, pp. 8-9, available at www.clerk.co.montgomery.oh.us/pro, visited February 28, 2018). He recognized that *State v. Earley*, which was then pending in the Ohio Supreme Court, "will presumably decide the issue . . . ." and asked the Second District to wait to decide his case until *Earley* was decided. *Id.* at p. 9. As noted above, the Second District did wait and then expressly applied the *Earley* decision in deciding Hayes' appeal.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000). *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012).

A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. In *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary*

5

> *for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Id.* at 784. "This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decisions can be deemed to have been 'adjudicated on the merits.'" *Id.* at 785. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary*." Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011), *quoting Harrington,*131 S. Ct. at 784-85.

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985). *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009)("The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included,

or overlapping offenses.") The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself. *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013), *citing Albernaz*. "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Volpe, citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010). "What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, '[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

The Second District's decision makes it clear that the Ohio legislature intended multiple punishments for these two offenses. This Court is bound by that interpretation of Ohio law. Therefore the Second District's decision is entitled to deference under 28 U.S.C. § 2254(d)(1) and is not an objectively unreasonable application of the relevant United States Supreme Court precedent.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this

7

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 28, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).