# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RYAN M. HAYES,

                Petitioner,          :   Case No. 3:18-cv-055

    - vs -                        District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution
                                :
                Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 3) to the

Magistrate Judge's Report and Recommendations (ECF No. 2) recommending the Petition be

dismissed with prejudice. Judge Rice has recommitted the case for reconsideration in light of the

Objections (ECF No. 4).

Petitioner pleaded one ground for relief, to wit, that his punishments for both aggravated

vehicular homicide and operating a motor vehicle under the influence of alcohol arising out of

the same incident violated the Double Jeopardy Clause (Petition, ECF No. 1, PageID 5). In

recommending this claim be rejected, the Magistrate Judge relied on Supreme Court case law,

including *Missouri v. Hunter*, 459 U.S. 359 (1983).

Petitioner's Objections read in their entirety:

> Petitioner agrees that *Missouri v. Hunter*, 459 U.S. 359 (1983),
> allows the multiple punishments prescribed in this case. That
> decision was never cited by opposing counsel or the Ohio Courts
> in their opinion. Petitioner's objections are based solely on the
> dissenting opinion in *Missouri v. Hunter, supra,* and the belief that

> the 35-year-old decision, if reconsidered, would be overturned by
> the U.S. Supreme Court.

(Objections, ECF No. 3, PageID 24).

As the Report noted, a federal habeas court can grant relief in the face of a contrary decision on a federal constitutional question by the state courts only if the state court decision is an objectively unreasonable application of Supreme Court case law (Report, ECF No. 2, PageID 20, citing 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000); *Bell v. Howes*, 703 F.3d 848, 852 (6th Cir. 2012). The relevant Supreme Court decisions are those that have been handed down as of the date the state courts reach their decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams, supra*.

As the Objections concede, the relevant Supreme Court precedent at the time the Second District decided this case was *Hunter, supra*, and *Hunter* supports the Second District's decision. Thus, even if the Supreme Court reversed *Hunter*, Hayes would not be entitled to relief because *Hunter* would still have been the governing law at the time the Second District decided the case. Under *Teague v. Lane*, 489 U.S. 288 (1989), a new rule from the Supreme Court on a procedural matter is not applicable to cases on collateral review unless it is a "watershed" rule and reversing *Hunter* would not be such a rule.

Nor does it seem to the Magistrate Judge that *Hunter* is likely to be reversed in the near term. Petitioner offered the Supreme Court an opportunity when he sought certiorari in this case and the Court declined the invitation. Hayes points to no Supreme Court case law since *Hunter* which has questioned its vitality. The two dissenting justices in *Hunter* (Marshall and Stevens) have long since retired and by most calculations have not been replaced by Justices as favorably inclined to criminal defendants as those two were. However correct or desirable Justice

Marshall's position in *Hunter* may be, it was not the law when the Second District decided this case.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 14, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).